[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-10960
Non-Argument Calendar

_____

D. C. Docket No. 01-00188-CV-4-DF-5

MELANIE LYDIA DACOSTA,

Plaintiff-Appellee,

versus

STANISLAUS NWACHUKWA,
individually and in his official capacity as college instructor for Georgia Military College,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 18, 2002)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Stanislaus Nwachukwa (Appellant), a college instructor at Georgia Military

college, appeals the district court's denial of his motion to dismiss Melanie Lydia

Dacosta's suit, filed pursuant to 42 U.S.C. § 1983, on the basis of qualified immunity. The district court denied Appellant's motion to dismiss, finding that Dacosta's complaint alleged a violation of her substantive due process rights under the Fourteenth Amendment to the United States Constitution. Appellant asserts that his conduct, as alleged in Dacosta's complaint, amounts to only a state law tort and does not constitute a substantive due process violation. Appellant further argues that even if the facts alleged do constitute a violation of Dacosta's constitutional rights, there was no clearly established law sufficient to put Appellant on notice that his actions amounted to a violation of those rights. We find that the facts alleged in the complaint are not sufficient to state a claim for a substantive due process violation, and hence reverse the district court.

## BACKGROUND

A denial of qualified immunity on a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is an immediately appealable interlocutory order. *Maggio v. Sipple*, 211 F.3d 1346, 1350 (11th Cir. 2000). We review such a denial de novo. *Id.* When reviewing the denial of a Rule 12(b)(6) motion to dismiss, we accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998).

The following is a brief summary of the relevant facts, accepting Dacosta's well-pleaded factual allegations as true and construing them in a light most favorable to her. On May 8, 1999, Dacosta attended a business class at Georgia Military College taught by Appellant. Dacosta asked Appellant a question about his teaching method; he ignored her question, though he answered similar questions posed by male students in the class. Dacosta later asked the same question; this time, Appellant not only failed to answer the question, but walked out of the classroom. Dacosta followed him out the door, seeking to approach Appellant about the question that he had persistently refused to address. Upon seeing that Dacosta had left the classroom herself, Appellant darted back inside the classroom, and slammed the door in Dacosta's face in an effort to deny her reentry to the room. Dacosta held up an arm in an attempt to protect herself from the door; her arm shattered the glass window on the door and became lodged in the cracked pane. Appellant then violently swung the door several times in an attempt to knock Dacosta back from the door. After this effort proved unsuccessful, Appellant reached through the cracked glass pane and shoved Dacosta's face, still trying to forcibly dislodge her arm from the window. At this point, several students in Dacosta's class restrained Appellant until the police arrived and arrested Appellant for criminal battery. Dacosta incurred medical expenses of over $5,000 as a result of the incident.

Dacosta's complaint, filed against Appellant and the Board of Trustees of Georgia Military College, alleged numerous violations of her federal constitutional rights, statutory rights pursuant to 20 U.S.C. § 1621(a), and rights under Georgia tort law. Both Appellant and the Board of Trustees filed motions to dismiss pursuant to Rule 12(b)(6). The district court dismissed all of Dacosta's claims pursuant to these motions, with the exception of her individual claims against Appellant under the Due Process Clause of the Fourteenth Amendment. This appeal follows.

## DISCUSSION

In evaluating a claim of qualified immunity, a reviewing court's first task is to determine whether the plaintiff has alleged the deprivation of a cognizable constitutional right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). In the instant case, we must first ascertain whether the facts alleged in Dacosta's complaint amount to a violation of Dacosta's rights under the Due Process Clause.

The substantive component of the Fourteenth Amendment's Due Process Clause "prevent[s] government [officials] from abusing [their] power, or employing it as an instrument of oppression." *Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992) (internal quotation marks omitted). Our substantive due process doctrine is designed to "protect[] those rights that are fundamental – rights that are implicit in the concept of ordered liberty." *Skinner v. City of Miami*, 62

4

F.3d 344, 347 (11th Cir. 1995) (internal quotation marks omitted) (citation omitted). The substantive element of the Due Process Clause protects certain rights not expressly mentioned in the Constitution, such as the right to privacy, from state infringement. *See Planned Parenthood v. Casey*, 505 U.S. 833, 847–49 (1992).

While the Supreme Court has extended protection under the Due Process Clause to a number of rights not explicitly referenced in the Constitution's text, it has cautioned against the open-ended judicial expansion of other unenumerated rights. *City of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ("[W]e have always been reluctant to expand the concept of substantive due process.") (internal quotation marks omitted); *Collins*, 503 U.S. at 125 ("[G]uideposts for responsible decisionmaking in this [substantive due process area] are scarce and open-ended. The doctrine of judicial self restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.") (citation omitted).

Courts have been notably reluctant to expand substantive due process doctrine to encompass state torts. Rights conferred by state tort law, and adequately protected by that law, "remain largely outside the scope of substantive due process jurisprudence." *Skinner*, 62 F.3d at 347. Substantive due process doctrine is not a "font of tort law to be superimposed upon whatever systems may

5

already be administered by the States." *Paul v. Davis*, 424 U.S. 693, 701 (1976). Indeed, substantive rights "created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (internal quotation marks omitted). Conduct by a government actor that would amount to an intentional tort under state law would only rise to the level of a substantive due process violation if it "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty"– in other words, only if it affects individual rights guaranteed, explicitly or implicitly, by the Constitution itself. *United States v. Salerno*, 481 U.S. 739, 746 (1987).

In the instant case, Dacosta has alleged intentional battery – a tort under Georgia law. Her right to be free from such a battery is conferred by Georgia law and protected by the Georgia courts. Dacosta cannot point us to any authority suggesting that such conduct, malicious as it may have been, amounted to a deprivation of her rights under the U.S. Constitution, as opposed to a deprivation of her rights under Georgia law. The cases she cites as authority for her substantive due process claim involve excessive force used by law enforcement officers, and are not applicable to the instant case. *See, e.g., Gilmere v. City of*

6

*Atlanta*, 774 F.2d 1495 (11th Cir. 1985); *Johnson v. Glick*, 481 F.2d 1495 (2nd Cir. 1973).

The *Skinner* case provides useful guidance in our evaluation of Dacosta's substantive due process claim. In *Skinner*, a group of firefighters pinned a co-worker to the floor of the firehouse and subjected him to a degrading assault as a part of a hazing ritual. *Skinner*, 62 F.3d at 346. The plaintiff argued that such conduct "shocked the conscience" and should give rise to a substantive due process claim. We noted that Skinner had in fact been assaulted, and should be free to pursue remedies for that assault under state law. *Id*. at 347. However, we also pointed out that Skinner could provide no authority for the proposition that his assault amounted to a violation of his constitutional rights, and denied him relief on that claim. *Id*. at 347–48.

In the instant case, Dacosta likewise cannot point to any authority holding that a battery perpetrated by a college teacher upon an adult student rose to the level of a substantive due process violation. In light of the Supreme Court's finding in *Collins* that this area of the law should be developed cautiously, we feel that judicial restraint demands that we find no such violation on these facts. Remedies for batteries of this sort should be pursued in accordance with state law.

CONCLUSION

In order to overcome the defense of qualified immunity at the 12(b)(6) stage, a plaintiff must first assert the violation of a cognizable constitutional right. Dacosta has not done that in this case. Hence, the district court erred in denying Appellant qualified immunity. Accordingly, we reverse and remand this case to the district court for an entry of judgment in accordance with Appellant's motion for dismissal.

REVERSED AND REMANDED.