[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12198

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00010-CV-2-HL-5

ARTISTIC ENTERTAINMENT, INC.,
d.b.a. Teasers,

                                        Plaintiff-Appellant,

                    versus

CITY OF WARNER ROBINS,
DONALD S. WALKER,
Individually and in his Capacity as Mayor
of the City of Warner Robins, Georgia,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 20, 2005)

Before BLACK and WILSON, Circuit Judges, and NANGLE[*], District Judge.

PER CURIAM:

_____

[*] Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

This case arises from the decision of the City of Warner Robins, Georgia (the City) to revoke the liquor license of Artistic Entertainment, Inc., d.b.a. Teasers (Artistic). Artistic appeals the district court's grant of summary judgment against it.[1]  We affirm.

## I. DISCUSSION

As the parties are familiar with the procedural history and facts of this case, we will not recount them here.

A.  Rooker-Feldman *Doctrine*

We turn first to the issue of whether the *Rooker-Feldman* doctrine bars our consideration of Artistic's claims.  "According to the *Rooker-Feldman* doctrine, 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.  Review of such judgments may be had only [in the United States Supreme Court].'"  *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (alteration in original) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983)).

---

[1] We note that it has been difficult to discern what is being appealed by Artistic in this case.  We address only those issues raised by Artistic in its initial brief.  *See Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995) ("[I]ssues that clearly are not designated in the initial brief ordinarily are considered abandoned." (quotations and citation omitted)).

The Supreme Court recently held that where "there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, ___ U.S. ___, ___, 125 S. Ct. 1517, 1526 (2005). The Court held the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at ___, 125 S. Ct. at 1521–22.

As this case was filed before and ran parallel to the state court action, the *Rooker-Feldman* doctrine does not apply here to deprive this Court of subject matter jurisdiction.[2]

B.     *Substantive Due Process*

The substantive due process claim asserted by Artistic is that its rights were violated by City officials conspiring to manufacture the harmful drug sale

---

[2] The district court's judgment was based in part on application of the *Rooker-Feldman* doctrine. We note the district court did not have the benefit of the Supreme Court's *Exxon Mobil* decision. Moreover, "we must affirm the [district court's grant of] summary judgment if we find that the district court reached the right result notwithstanding its reliance on an incorrect rationale." *Sauls v. Pierce County Sch. Dist.*, 399 F.3d 1279, 1284 n. 4 (11th Cir. 2005) (quotations and citation omitted).

conditions that formed the basis for the revocation of Artistic's alcohol license and ignoring guidelines for undercover operations.

Rights "created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quotations and citation omitted). As we have said: "Conduct by a government actor that would amount to an intentional tort under state law would only rise to the level of a substantive due process violation if it 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty'—in other words, only if it affects individual rights guaranteed, explicitly or implicitly, by the Constitution itself." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1048 (11th Cir. 2002) (citation omitted).

In this case, Artistic has shown no more than deprivation of a license, a property interest created by state law, and therefore has failed to establish a substantive due process violation.[3]

---

[3] To the extent Artistic contends the City's conduct shocked the conscience so as to violate Artistic's substantive due process rights, Artistic has presented no compelling legal or factual basis for such a claim. Moreover, insofar as Artistic attempts to argue vagueness as a basis for its substantive due process claim, i.e. as a fundamental right implicating substantive due process, Artistic does not present argument as to how the statute is vague and therefore has waived the issue. Furthermore, to the extent Artistic argues its substantive due process rights were violated by the existence of a biased tribunal, such a claim is a procedural, not substantive, due process claim. *McKinney*, 20 F.3d at 1561.

C.    *Procedural Due Process*

Artistic contends it was denied procedural due process in that (1) it did not receive fair notice of the revocation hearing; and (2) it was deprived of a fair and meaningful hearing.  Artistic further contends the state courts denied it a reasonable opportunity to litigate its claims.

To establish a procedural due process claim, the plaintiff must show:  (1) "a deprivation of a constitutionally-protected liberty or property interest;" (2) state action; and (3) "constitutionally inadequate process."  *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003) (quotations and citations omitted).  Even where a party suffers a procedural deprivation, there is no procedural due process violation unless the state "refuses to make available a means to remedy the deprivation."  *McKinney*, 20 F.3d at 1563.

In this case, the state made adequate process available to Artistic to remedy any alleged deprivation of a constitutionally-protected liberty or property interest.  Artistic petitioned the Superior Court for a writ of certiorari seeking review of the revocation proceeding.  In its petition, Artistic argued, among other things, that the "City revoked the license of [Artistic] without affording [Artistic] meaningful notice and an opportunity for a hearing in violation of its procedural due process rights."  Artistic further argued in its petition that the City violated its rights by:

5

(1) "failing to provide [Artistic] with subpoena power;" (2) "failing to provide [Artistic] with an ascertainable and objective standard by which it could protect its interests;" and (3) "failing to provide [Artistic] with an unbiased tribunal for the hearings." Moreover, after filing its petition for writ of certiorari, Artistic moved the Superior Court to "Open and Supplement the Record of the Lower Tribunal" to consider additional evidence of the alleged bias of the tribunal, and the alleged bias of, and conspiracy among, Mayor Walker and other City actors. The City responded to Artistic's motion by arguing, among other things, that the evidence presented by Artistic was insufficient to warrant any relief. The Superior Court denied Artistic's motion, stating:

> Having considered this motion and the accompanying memorandum of law, the Court finds no basis for granting Petitioner's request. Nothing has been presented to indicate a definite financial or other benefit or to show a conflict of interest. Nor has there been any showing of fraud and corruption. This Court cannot legitimately open and supplement the record from the lower tribunal based on "after-the-fact" speculations and innuendos.

The Superior Court subsequently dismissed Artistic's petition for writ of certiorari, concluding: "Having reviewed the record below, considered the brief[s] of the parties and heard the argument of counsel, the court hereby finds that the revocation decision is supported by substantial evidence. The court also concludes

6

that there is no error of law." The Supreme Court of Georgia denied Artistic's petition for certiorari.

The state provided Artistic with means to remedy the alleged deprivations. The state court determined, however, that Artistic failed to make a showing sufficient to warrant relief. Artistic is not now entitled to a second bite at the apple.[4]

D.    *Equal Protection*

Artistic claims the City applied its code provision unequally. To establish its claim, Artistic must establish (1) "it was treated differently from similarly situated persons," and (2) the City "unequally applied the . . . law[] for the purpose of discriminating against" Artistic. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998) (citations omitted). Artistic's claim fails because it has not presented evidence from which a reasonable jury could conclude similarly situated establishments were treated differently.

## II.  CONCLUSION

---

[4] Our holding that the state provided adequate means to remedy Artistic's alleged deprivations applies equally to its claims that its rights were violated by City officials conspiring to manufacture the harmful drug conditions forming the basis for the revocation of its alcohol license and ignoring guidelines for undercover operations. State procedures were available. It is of no consequence that Artistic may not have taken advantage of them fully. *Horton v. Board of County Comm'rs of Flagler County*, 202 F.3d 1297, 1300 (11th Cir. 2000).

For the foregoing reasons, we affirm the district court's grant of summary judgment against Artistic.

**AFFIRMED.**