[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2007
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 06-15743
Non-Argument Calendar

-----------------------------------------

D.C. Docket No. 06-00146-CV-UWC

L. C. HALL,

Plaintiff-Appellee,

versus

STATE OF ALABAMA DEPARTMENT OF
PUBLIC SAFETY,

Defendant,

TROOPER JEREMY LETT,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Alabama

----------------------------------------------------------------

**(October 1, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Officer Jeremy Lett ("Defendant"), an Alabama State Trooper, appeals the district court's order denying his motion to dismiss on qualified immunity grounds the section 1983 claims brought by L.C. Hall ("Plaintiff"). No reversible error has been shown; we affirm.

This case arises out of a traffic stop conducted by Defendant. Plaintiff claims that Defendant violated his constitutional rights by using excessive force and by making an unreasonable arrest. After Plaintiff filed his initial complaint, all defendants filed a motion to dismiss. The district court dismissed with prejudice all claims against the State of Alabama and the Alabama Department of Public Safety based on sovereign immunity. The district court also dismissed without prejudice all claims against Defendant, but allowed Plaintiff to amend his complaint. Plaintiff's amended complaint alleged the following facts.

In 2004, Defendant stopped Plaintiff for speeding. After Defendant took Plaintiff's license and walked back to his patrol car, Plaintiff exited his car and approached Defendant. Defendant then pulled out his nightstick and mace and told Plaintiff to get back in his car. When Plaintiff asked Defendant if he was going to beat him, Defendant ordered Plaintiff up against the car, grabbed

2

Plaintiff's arms, and told Plaintiff to get down. Because of a recent knee surgery, Plaintiff was slow to comply with these orders. Defendant then began to beat Plaintiff with the nightstick. Plaintiff then ran into oncoming traffic to escape the beating, but several civilians and Defendant charged Plaintiff and knocked him to the ground. After handcuffing the Plaintiff, Defendant sprayed Plaintiff with mace and then pushed him into another officer's patrol car.

The district court summarily denied Defendant's motion to dismiss Plaintiff's amended complaint on qualified immunity grounds. A denial of qualified immunity on a motion to dismiss is an immediately appealable interlocutory order, which we review de novo. Dacosta v. Nwachukwa, 304 F.3d 1045, 1047 (11th Cir. 2002). We accept all well-pleaded factual allegations in the complaint as true and construe the facts in the light most favorable to the non-moving party. Id.

Defendant argues that the district court erred in denying his motion to dismiss on qualified immunity grounds. He contends that a reasonable officer in his position could have reasonably believed that each of his acts were necessary to subdue Plaintiff, who had resisted arrest and had attempted to flee. Accepting Plaintiff's allegations as true, however, we conclude that the district court correctly denied Defendant's motion to dismiss because Defendant has failed to

show that Plaintiff can prove no set of facts to establish a violation of his clearly established rights.

"The use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment." Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002). "Use of force must be judged on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Vinyard v. Wilson, 311 F.3d 1340, 1347 (citations and internal quotation marks omitted). Whether the force applied was excessive depends on "(1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of the injury inflicted." Draper v. Reynolds, 369 F.3d 1270, 1277-78 (11th Cir. 2004) (footnote and citation omitted). The need for the application of force is measured by (1) the severity of the crime; (2) the danger to the officer or others; and (3) the risk of flight by the suspect. See Vinyard, 311 F.3d at 1347.

Plaintiff's allegation that Defendant sprayed him with mace after Plaintiff had already been subdued and handcuffed is sufficient to survive Defendant's motion to dismiss. In Vineyard, we said that "using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone

4

else." 311 F.3d at 1348. We also explained that "using pepper spray is reasonable, however, where the plaintiff was either resisting arrest or refusing police requests, such as requests to enter a patrol car or go to the hospital." Id.

Although Plaintiff's amended complaint concedes that he did not comply with Defendant's orders and even tried to escape, Plaintiff also alleges that after he was already subdued in handcuffs, Defendant sprayed him with mace. Having no facts before us that Plaintiff, at that point, continued to resist arrest, to refuse police requests, to act violently, or to pose a threat to others -- facts that Defendant might be able to prove at a later stage -- we conclude that Plaintiff's allegations are sufficient to show a violation of Plaintiff's clearly established rights under Vinyard.[1] Therefore, the district court's order denying Defendant's motion to dismiss Plaintiff's amended complaint on qualified immunity grounds is affirmed.[2]

**AFFIRMED.**

---

[1] We do not decide whether Defendant's other acts (grabbing Plaintiff's arms, striking Plaintiff with a nightstick after he failed to comply with orders, taking Plaintiff down after he attempted to flee, and pushing Plaintiff into a patrol car) are necessarily -- by themselves -- constitutionally unreasonable or, if unreasonable, would be sufficient to defeat qualified immunity. We note, however, that "[t]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Vinyard, 311 F.3d at 1347 (quoting Graham v. Connor, 109 S.Ct. 1865, 1865 (1989)). Also, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, . . . violates the Fourth Amendment." Graham v. Connor, 109 S. Ct. 1865, 1872 (1989) (citation and internal quotation marks omitted).

[2] Defendant does not argue and we do not address the issue of Eleventh Amendment immunity for claims brought against Defendant in his official capacity. We affirm only the district court's denial of qualified immunity for claims brought against Defendant in his individual capacity.