[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11073
Non-Argument Calendar

_____

D. C. Docket No. 07-00666-CV-JOF-1

LEVOULAR DENISE MCCRAY,

Plaintiff-Appellant,

versus

PAUL HOWARD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 22, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Levoular Denise McCray, a courtroom deputy for the

Superior Court of Fulton County, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint against Defendant-Appellee Paul Howard, the District Attorney of Fulton County, for failure to state a claim. After review, we affirm.

## I. BACKGROUND

Plaintiff McCray's complaint alleged that Defendant Howard struck and injured her while he resisted removal from a courtroom and later made defamatory statements about McCray during a press conference, all in violation of her due process rights.[1]

### A.      March 31, 2006 Incident

On March 31, 2006, McCray was serving as a courtroom deputy for a Fulton County Superior Court Judge ("the Judge"). After the jury returned a not-guilty verdict in a criminal trial, the Judge allowed the attorneys to ask the jury questions. Defendant Howard, who was not the attorney handling the criminal case, entered the Judge's courtroom and insisted on talking to the jury. The Judge asked Howard to stop questioning the jury because he was not one of the attorneys handling the case, but Howard ignored the Judge and continued. After warning Howard at least three times, the Judge ordered that Howard be removed from the

---

[1]In reviewing the district court's dismissal, we accept the factual allegations in McCray's complaint as true and construe them in the light most favorable to her. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).

courtroom.

McCray and another officer asked Howard to leave, but he again refused. According to McCray, Howard "resisted being removed from the courtroom waiving his arms and attempting to fight off the Plaintiff's attempts to remove him from the courtroom and even locked his body rigid to the low rail separating the public." In the course of resisting, Howard "railed that he was the District Attorney of Fulton County" and struck McCray on her shoulder and chest.

Howard eventually was placed in handcuffs and removed from the courtroom to an adjacent detention area. When the handcuffs were removed, Howard "lunged aggressively toward [McCray] but was restrained by another deputy." Howard could have exited the detention area through another adjacent courtroom, but "screamed" that he would only leave through the Judge's courtroom. Howard then "banged loudly" on the door to the Judge's courtroom.

Howard later held a news conference in which he specifically identified McCray and stated that she was a "disgrace to the uniform," that "she did not deserve to wear the uniform," and that she "deserves to be fired."

McCray's complaint alleged that her physical injuries from the altercation required her to go to the emergency room and seek further treatment from a specialist for her shoulder and rotator cuff. McCray stated that she was

3

temporarily disabled from her injuries and missed over three months of work. McCray further alleged that she would suffer permanent impairment from her injuries.

**B.      McCray's § 1983 Complaint**

McCray filed a § 1983 complaint against Howard raising two claims. McCray's first claim was "for physical injury" and alleged that Howard, under color of law as the Fulton County District Attorney, "resisted, beat, and butted" her, even though he knew or should have known his actions would pose a substantial risk of serious harm to McCray.

McCray's second claim was that Howard, in retaliation against her, made slanderous statements against her in a news conference that were "vindictive and untrue" and damaged her reputation and ability to earn a living.

**C.      Howard's Motion to Dismiss and District Court Dismissal**

Howard filed a motion to dismiss McCray's complaint and argued, inter alia, that McCray failed to state a claim upon which relief could be granted.

The district court granted Howard's motion and dismissed McCray's complaint.  First, the district court noted that McCray's complaint failed to identify what constitutional right Howard allegedly violated, but construed from her response to Howard's motion that she was alleging due process violations.  As for

McCray's "physical injury" claim, the district court stated that conduct by a

governmental actor would rise to the level of a substantive due process violation

only if it could be characterized as arbitrary or conscience-shocking and

determined that the facts alleged by McCray failed to rise to this level. As for

McCray's slander claim, the district court determined that she failed to state a

procedural due process claim because she was not discharged and thus could not

show that Howard's comments deprived her of a liberty or property interest.[2] This

appeal followed.[3]

## II. DISCUSSION

### A. Physical Injury Claim

On appeal, McCray argues that the district court erred in dismissing her

claim that Howard violated her substantive due process rights by striking her while

he was resisting removal from the Judge's courtroom and thus injuring her. The

---

[2]The district court also determined that McCray failed to state a substantive due process claim based on the alleged slander. On appeal, McCray makes no argument challenging this determination, and thus we decline to address it. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (stating well-settled rule that a legal claim or argument that has not been briefed on appeal is deemed abandoned and will not be addressed).

In addition, after dismissing McCray's federal claims, the district court stated that to the extent McCray's complaint raised state law claims, it declined to exercise supplemental jurisdiction to hear them. We do not address this determination by the district court because McCray has failed to challenge it on appeal as well. Id.

[3]We review de novo the district court's grant of a motion to dismiss for failure to state a claim. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).

substantive component of the Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" Collins v. City of Harker Heights, 503 U.S. 115, 125, 112 S. Ct. 1061, 1068 (1992) (quoting Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665 (1986)). Substantive due process applies to "those rights that are 'fundamental'–rights that are 'implicit in the concept of ordered liberty.'" Skinner v. City of Miami, 62 F.3d 344, 347 (11th Cir. 1995) (quoting Palko v. Connecticut, 302 U.S. 319, 325, 58 S. Ct. 149, 152 (1937)).

The Supreme Court has commented that it "has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended" and that judicial self-restraint requires the Court "to exercise the utmost care" when it is asked to "break new ground in this field." Collins, 503 U.S. at 125, 112 S. Ct. at 1068. Specifically, state tort law "remains largely outside the scope of substantive due process jurisprudence." Skinner, 62 F.3d at 347. Substantive due process doctrine is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." Paul v. Davis, 424 U.S. 693, 701, 96 S. Ct. 1155, 1160 (1976).

Thus, "even conduct by a government actor that would amount to an

6

intentional tort under state law will rise to the level of a substantive due process violation only if it also 'shocks the conscience.'" Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1305 (11th Cir. 2003) (quoting Dacosta v. Nwachukwa, 304 F.3d 1045, 1048 (11th Cir. 2002)). The Supreme Court has acknowledged that "'the measure of what is conscience-shocking is no calibrated yard stick.'" Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847, 118 S. Ct. 1708, 1717 (1998)). Negligence will not violate the Due Process Clause, and even intentional torts seldom will. Id.

This Court applied this standard in Dacosta in concluding that the plaintiff, a female student at Georgia Military College ("GMC"), failed to state a substantive due process claim against the defendant, a male instructor at GMC. Dacosta, 304 F.3d at 1047-49. In Dacosta, the plaintiff alleged that the defendant ignored her question in his class but answered similar questions from male students. Id. at 1047. When the plaintiff asked the same question, the defendant walked out of the classroom, and the plaintiff followed him. Id. After seeing that the plaintiff had left the classroom, the defendant darted back inside the classroom and slammed the door in the plaintiff's face. Id. The plaintiff held up her arm to protect herself from the door, but her arm shattered the glass window on the door and became lodged in the cracked pane. Id. The defendant then violently swung the door

7

several times in an attempt to knock the plaintiff back from the door.  Id.  After this proved unsuccessful, the defendant reached through the cracked glass pane, shoved the plaintiff's face, and tried to forcibly dislodge her arm from the window.  Id.  This Court stated that the alleged facts in Dacosta constituted the tort of intentional battery, but concluded that "such conduct, malicious as it may have been," did not amount to a federal constitutional violation.  Id. at 1048.

As in Dacosta, McCray's complaint alleges conduct that, if true, is unbecoming of a public official and may potentially constitute an intentional tort such as battery under state law.  However, under governing precedent, this alleged conduct fails to rise to the level of "conscience-shocking" so as to state a claim of substantive due process.  McCray's potential remedies for this conduct are in state court, but not through the federal constitution under § 1983 in this Court.  Id. at 1049 ("Remedies for batteries of this sort should be pursued in accordance with state law.").  Thus, we affirm the district court's dismissal of McCray's claim "for physical injury."

**B.     Slander Claim**

McCray argues that the district court erred in dismissing her claim that Howard violated her procedural due process rights by making defamatory statements about her in a press conference that were intended to disgrace her and

8

causing her to temporarily lose her job.

"'The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.'" Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005) (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 2705 (1972)). Specifically, the Supreme Court has instructed that injury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected by the Fourteenth Amendment. Paul, 424 U.S. at 701-02, 712, 96 S. Ct. at 1161, 1166. In order to fall within the procedural protections of the Due Process Clause, a plaintiff must establish more than a mere defamation claim. Id. at 706, 96 S. Ct. at 1163.

In Paul, the Supreme Court established the "stigma-plus" test, which requires that "a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation 'plus' the violation of some more tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir. 2001) (citing Paul, 424 U.S. at 701-02, 96 S. Ct. at 1161). In summarizing the requirements of the "stigma-plus" test, this Court has stated that "'[t]o establish a liberty interest sufficient to implicate the fourteenth

9

amendment safeguards, the individual must be not only stigmatized but also stigmatized in connection with a denial of a right or status previously recognized under state law.'" Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1296 (11th Cir. 2003) (quoting Cannon, 250 F.3d at 1302-03). "In order to establish that a deprivation of a public employee's liberty interest has occurred without due process of law, the employee must prove that: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) was made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing." Cannon, 250 F.3d at 1301.

McCray challenges the district court's determination that she had not been discharged and had not alleged any other "plus" violation of a tangible interest. McCray argues the three-and-one-half months she missed work following the March 31, 2006 incident constituted a "constructive termination." Assuming, as the district court did, that McCray has a protected interest in her job, she still fails to explain how a temporary leave of absence from work constitutes a deprivation of a state-recognized liberty or property interest. See Cannon, 250 F.3d at 1303 ("[I]n this circuit a discharge or more is required in order to satisfy the 'plus' element of the stigma-plus test. A transfer or a missed promotion is not enough." (quotation marks omitted)). Further, McCray has also failed to allege: (1) that she

was stigmatized "in connection with" a change in her employment status, because McCray alleged in her complaint that she missed work because of her physical injuries, not because of Howard's alleged defamatory statements; or (2) that Howard, the Fulton County District Attorney, was her employer. Thus, we affirm the district court's dismissal of McCray's slander claim.

**AFFIRMED.**