2011 OK CIV APP 117

**In the Matter of License of CANADIAN RIVER LAND & CATTLE CO.**

**Canadian River Land & Cattle Co., Petitioner/Appellant,**

v.

**State of Oklahoma ex rel., State Board of Agriculture, Respondent/Appellee.**

**No. 108,065.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 13, 2011.

1. Effective May 6, 2002, the name of the State Department of Agriculture was Changed to the

Philip Watts, Oklahoma City, Oklahoma, for Petitioner/Appellant.

James Woodruff, Oklahoma City, Oklahoma, for Respondent/Appellee.

ROBERT D. BELL, Chief Judge.

¶ 1 This is an appeal from a district court's order affirming an adverse final administrative order issued by Respondent/Appellee, the State Board of Agriculture (State)[1], in an action for declaratory relief filed by Petitioner/Appellant, Canadian River Land & Cattle Co. (Canadian River). The final administrative order denied Canadian River's protest of State's transfer of a cattle feedlot license formerly owned by Canadian River to Robert A. and Nedra Funk (Funks). We hold the administrative order is free from error prejudicial to Canadian River and affirm the district court's order.

¶ 2 The following facts are undisputed. State issued Canadian River a Concentrated Animal Feeding Operation (CAFO) license pursuant to the Oklahoma Concentrated Animal Feeding Operations Act, 2 O.S. Supp.

Oklahoma Department of Agriculture, Food and Forestry. *Laws 2002, c. 173.*

2005 § 20–1 *et. seq.* (the Act)[2]. The license permitted Canadian River to operate a large-scale cattle feedlot holding up to 3,000 animals on the specific real property described in the license. Pursuant to Oklahoma Administrative Code (OAC) 35:17–4–4(a)(2), (9) and (11) of the rules implementing the Act, a CAFO license is site specific. The CAFO license was renewable annually upon the payment of a $75.00 fee. Canadian River's license was due to expire June 30, 2004, by operation of law, unless the license renewal fee was paid. *See* 2 O.S. Supp.2005 § 20–16(A) and (B). It is undisputed Canadian River did not pay the license renewal fee in 2004 or thereafter.

¶ 3 The Oklahoma Department of Agriculture, Food and Forestry (Department of Agriculture) foreclosed on the real property described in the license and the Funks acquired the subject real property by Sheriff's Deed. The Deed did not purport to transfer or sell the CAFO license; it conveyed the land and fixtures that were the physical facilities associated with the CAFO license. On February 13, 2004, the Funks applied to have the license transferred from Canadian River's name to the Funks' name. The Funks' application was granted. In October 2004, written notice was given informing Canadian River that the CAFO license had been transferred to the Funks. Canadian River lodged a written protest to the transfer. State affirmed the transfer.

¶ 4 Canadian River filed an action in the district court for a declaratory judgment. The district court referred the matter to the appropriate administrative agency for exhaustion of administrative remedies. Canadian River then filed a petition for declaratory relief with State seeking to avoid the transfer of the CAFO license to the Funks. The matter was referred to a three person Ad Hoc Committee of the Department of Agriculture for review and a recommendation.

¶ 5 The Ad Hoc Committee submitted a written recommendation that made extensive findings of fact and conclusions of law and noted that Canadian River paid the renewal fee for 2003, but made no effort to pay any CAFO-related license fees after the license expired in June 2004. The Ad Hoc Committee recommended that Canadian River's petition for declaratory judgment be denied. After oral arguments, State accepted the recommendation and entered a final agency order ruling the transfer of the CAFO license was proper.

¶ 6 Canadian River appealed the final administrative order to the district court. The district court's comprehensive order, which is attached hereto as Exhibit "A," identified the proper standard of review for both the trial court and this Court on appeal, reiterated the undisputed facts, detailed the court's conclusions of law and affirmed the final administrative order. Canadian River now appeals from the district court's order.

¶ 7 On appeal, Canadian River argues: (1) The transfer of the CAFO license in this matter denies Canadian River the right to due process especially when there is no authority establishing that a CAFO license runs with the land in Oklahoma; and (2) State's decision to allow the involuntary transfer of the permit should have required a finding of fitness or suitability under Oklahoma law. The correctness of an administrative agency order was before the district court and is now before this Court. Under such circumstances, this Court's review is governed by the Oklahoma Administrative Procedures Act (APA), 75 O.S.2001 § 250 *et seq. City of Tulsa v. State ex rel. Public Employees Relations Bd.*, 1998 OK 92, ¶ 12, 967 P.2d 1214, 1219. Under the APA, this Court's review is confined to the record made before the administrative tribunal. 75 O.S.2001 § 321.

¶ 8 Pursuant to § 322(3) of the APA, an administrative decision should be affirmed if it is a valid order and the administrative proceedings are free from prejudicial error

---

**2.** In the proceeding below, the parties cited the 2005 version of the Act. The Act was renumbered in 2005 from Title 2 O.S. § 9–200 *et. seq.* by *Laws 2005, c. 292, § 25, effective July 1, 2005.* Other than the renumbering, the relevant substantive language of the Act remained the same. The Act was then renumbered as 2 O.S. Supp.2007 § 20–40 through § 20–64 by *Laws 2007*, c. 31, § 28, *eff. November 1, 2007.*

to the appealing party. Section 322(1) provides that a reviewing court may reverse an administrative order if an appealing party's substantial rights are prejudiced because the agency's decision is a violation of constitutional provisions, in excess of statutory authority or jurisdiction, entered based on an unlawful procedure or error of law or if the agency acted in an arbitrary and capricious manner or its findings are clearly erroneous in view of the reliable, material, probative and substantial competent evidence in the record. As to questions of fact, neither a district court nor this Court is entitled to substitute its judgment for that of the agency as to the weight of the evidence. *City of Tulsa* at ¶ 13, 967 P.2d at 1219.

¶ 9 Here, the district court affirmed the final administrative order. The district court found Canadian River had no license interest when the license was issued to the Funks because Canadian River ceased paying for the license and did not own the land where the license was situated. After reviewing the administrative record under the appellate review standards discussed above, we cannot find the district court's order which is attached hereto and marked Exhibit "A" was erroneous. Furthermore, since the district court's order correctly recited the undisputed facts, arrived at the appropriate conclusions of law and adequately explained its decision, we affirm the district court's order under Rule 1.202(d), *Supreme Court Rules,* 12 O.S. 2001, Ch. 15, App.

¶ 10 AFFIRMED.

HETHERINGTON, P.J., and HANSEN, J., concur.

### EXHIBIT A

IN THE DISTRICT COURT OF OKLAHOMA COUNTY

STATE OF OKLAHOMA

IN THE MATTER OF LICENSE OF CANADIAN RIVER LAND & CATTLE CO. CANADIAN RIVER LAND & CATTLE CO., PETITIONER

---

1. The matter was taken under advisement mid–2008 by a judge previously assigned to this docket; however no decision was made before the judge's retirement.

---

v.

STATE OF OKLAHOMA EX REL STATE BOARD OF AGRICULTURE, RESPONDENT.

CJ–2008–2807

### ORDER AFFIRMING STATE BOARD OF AGRICULTURE'S FINAL ADMINISTRATIVE ORDER OF JANUARY 23, 2008

The State of Oklahoma Department of Agriculture, Food, and Forestry ("State") Board entered a Final Administrative Order on January 23, 2008, which now comes before the Court for review. The parties, through counsel, appeared on November 19, 2009, and agreed to submit the documents for a ruling on the pleadings.[1]

### STATEMENT OF FACTS

The facts in this matter are undisputed. In approximately 1996, Petitioner, Canadian River Land & Cattle Co. ("Canadian River") was granted a Concentrated Animal Feeding Operation ("CAFO") license to operate a cattle feedlot in Canadian County, Oklahoma. The State issued the license that permitted Canadian River to operate a large-scale cattle feedlot holding up to 3,000 animals. Canadian River paid the annual $75.00 licensing fee through 2003[2]. Canadian River's facility in Canadian County was the subject of a foreclosure action in 2001. Robert A and Nedra Funk (the "Funks") acquired the real property by Sheriff's deed dated October 22, 2003. The deed conveyed the land and physical facilities on the land. This is the same land and physical facilities referred to in the CAFO license. On February 13, 2004, the Funks applied to the State to have the CAFO license transferred from the name of Canadian River to their name. A letter approving the transfer was dated March 25, 2004. On October 26, 2004, the State gave written notice to Canadian River that the CAFO license had been transferred to the Funks.

---

2. Canadian River's August, 2003 fee would have expired June 30, 2004.

On October 29, 2004, Canadian River wrote to the State objecting to the transfer [3], but the State replied on November 3, 2004, affirming the license transfer to the Funks. The Funks have paid the annual licensing fee since 2004.

On April 13, 2007, Canadian River filed its declaratory petition with the State Board seeking to reclaim the subject CAFO license. Canadian River and the Funks filed briefs and the State Board, following their own rules, appointed three members of the Board to serve as an ad hoc committee and provide a recommended order. On January 23, 2008, following oral arguments the State Board deliberated and adopted the ad hoc committee's recommended order and incorporated it by reference into their Final Administrative Order.

Canadian River brought this matter seeking a judicial review of the State Board's Final Order arguing that the "substantial rights" of Petitioner had been prejudiced because the agency findings, inferences, conclusions or decisions, are:

(a) in violation of Petitioner's right to due process of law; or

(b) in excess of the statutory authority or jurisdiction of the agency to effect an involuntary transfer of private property; or

(c) made upon unlawful procedure without notice to Petitioner; or

(d) affected by other error of law; or

(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, insofar as the evidence establishes that the transfer of the license was made without notice or compensation to Petitioner; or

(f) because the decision of the Board is both arbitrary and capricious.

Canadian River's brief argues that three issues must be addressed:

1. Whether there is any fitness or suitability requirement for a transferee of a

CAFO license under Oklahoma law or rule;

2. Whether the transfer of the CAFO license in this matter denied Petitioner any due process right; and

3. Whether a CAFO license "runs with the land" in Oklahoma [4].

The State answers because the Final Order does not make findings on Canadian River's first and third issues, they should be disregarded. Further, that although Canadian River failed to argue with particularity their claim of denial of due process it cannot succeed whether they argue a denial of procedural due process, substantive due process or both.

## CONCLUSIONS OF LAW

The parties both agree that this Court has jurisdiction pursuant to 75 O.S, § 322 to review the Final Administrative Order. Section 322(3) states, "The reviewing court shall affirm the order and decision of the agency, if it is found to be valid and the proceedings are free from prejudicial error to the appellant."

Our Supreme Court instructs,

Great weight is to be accorded the expertise of an administrative agency, and a presumption of validity attaches to the exercise when the administrative agency is reviewed by the judiciary. A Court of review may not substitute its own judgment for that of an agency particularly in the area of expertise which the agency supervises. The rationale for this rule is that courts do not possess the specialized knowledge, training, experience or competency to substitute opinions for the judgment of qualified experts.

*Tulsa Area Hospital Council v. Oral Roberts University*, 1981 OK 29, 626 P.2d 316, 320.

Canadian River urges that three issues must be resolved by this Court: 1) Whether there is any fitness or suitability requirement for a transferee of a CAFO license under Oklahoma law or rule; 2) Whether the trans-

---

**3.** Oklahoma law does not require notice or hearing for a CAFO license transfer. *See* OAC 35; 20–7.

**4.** Petitioner's items (a) through (f) are taken from 75 O.S. § 322(1).

fer of the CAFO license in this matter dented Petitioner any due process tight; and 3) Whether a CAFO license "runs with the land" in Oklahoma, The State argues that the Final Order does not address any issue other than the alleged dental of due process.

A thorough reading of the Final Order, including the ad hoc committee's Recommended Order that is incorporated by reference, is instructive. Any fitness or suitability requirement for the transfer of a CAFO license is discussed only in the context of the lack of any such requirement beyond completing a transfer application. Further the State Board explicitly said, "[W]e leave the issue of whether a CAFO license runs with the land to another time." Recommended Order Adopted by State Board, note 7, page 11. As such, Canadian River's request for rulings on these two issues is denied.

The remaining issue is whether Canadian River's due process rights were violated. After thoroughly considering the arguments for both parties, this Court finds that the State's Final Order must be affirmed.

The State makes clear in the Final Order that they, [B]elieve that Canadian River had no license interest left at the time a license was issued to the Funks ..." See, Recommended Order Adopted by State Board, page 8. This is founded on two facts; first, when Canadian River failed after 2003, to pay the annual licensing fee, pursuant to Title 2 O.S. 2001 § 20–16, they essentially abandoned the license, and secondly that the CAFO was site specific and Canadian River no longer owned the subject site after the foreclosure action in 2001, and the Sheriff's deed transferred title to the Funks in October, 2003.

Section 20–1, et seq. and OAC 35:17–3–6(a)(2), (9) and (11) make clear that a CAFO license is "site specific." Presumably Canadian River did not continue to pay the annual fee when the foreclosure was complete because they could not use the site specific CAFO for another animal feeding operation, the feed lot was intact, and title of the land and physical facilities had transferred to the Funks. The State's claim that Canadian River had no license interest remaining when

the Funks were issued a license is particularly repugnant to Canadian River as the transfer of the license clearly indicates that a license was in place. Ergo, the Funks were not required to present a new application; the Funks made an application pursuant to the rules adopted for transfer of license. See, OAC 35:17–3–10.

It is undisputed that the CAFO facility Canadian River operated in Canadian County was the subject of a foreclosure action in 2001. Canadian River continued to pay the annual license fee only through 2003. In the light most favorable to Canadian River their license would have expired June 30, 2004, by operation of law under Section 20–16.

Further, the State's Final Order gave Canadian River the benefit of the doubt and considered both substantive due process and procedural due process arguments before reaching their legal conclusions. In this case, Canadian River claims an alleged deprivation of a license, a property interest created by state law, Rights created only by state law are not subject to substantive due process protection. In instances where other rights are created by state law, such as an intentional tort, conduct by a government actor that would amount to an intentional tort under state law would only rise to the level of a substantive due process violation if it 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty'—in other words, only if it affects individual rights guaranteed, explicitly or implicitly, by the Constitution itself" *Dacosta v, Nwachukwa*, 304 F.3d 1045, 1048 (11th Cir. 2002) (citation omitted). Herein, Canadian River presents nothing more than a bald assertion that there is a violation of their substantive due process rights.

Finally, Canadian River was not entitled to procedural due process. Generally, due process protection exists to protect license interests. However caselaw makes plain that the protection is present to guard against deprivation of a livelihood emanating from the license. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1150 (10th Cir.2001). In the ease at bar, the property subject to the CAFO license was lost to Canadian River due to foreclosure that re-

sulted in the Sheriff's deed in October, 2003. Canadian River lacked an identifiable property interest in 2004 when the Funks filed the appropriate paperwork to transfer the license. As such, Canadian River was not deprived of any livelihood emanating from the license.

The essence of procedural due process is notice and opportunity for a hearing, In reviewing claims that procedural due process has been withheld, a court is required to conduct a two-step inquiry: 1) did the individual possess a protected interest that triggers due process protections; and if so, 2) was the individual afforded an appropriate level of process. *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir.1994),

As property interests are not constitutionally created, they attain: "[C]onstitutional status by virtue of the fact that they have been initially recognized and protected by state law," *Paul v. Davis*, 424 U.S. 693, 710, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Canadian River did not have a protectable property interest. To demonstrate a property interest in a license, a person "[M]ust have more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim of entitlement to it." *Craft v. Wipf*, 836 F.2d 412, 416 (8th Cir.1987) (*quoting Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Oklahoma law, by statute and rule, are consistent that a CAFO license is site specific, Canadian River's CAFO license rights expired in October 2003, when they no longer owned the facility that was the subject of the license.

Canadian River has not alleged any ground under Section 322 of the Oklahoma Administrative Procedures Act that compels reversal of the State's Final Order. For reasons stated above, the State's final order is AFFIRMED.

IT IS SO ORDERED this 3rd day of February, 2010.

TWYLA MASON GRAY, District Judge

### Certificate of Service.

This is to certify that on *3rd* day of February, 2010, a true and correct copy of the above was mailed to;

Mr. Laurence K. Donahoe, Esq.

P.O. Box 31375

Edmond, Oklahoma 73003

ATTORNEY FOR PETITIONER

Mr. James Woodruff, Esq.

2800 N, Lincoln Blvd.

Oklahoma City, Oklahoma 731054298

ATTORNEY FOR RESPONDENT

Mr. Jeff L. Todd, Esq.

Mr. Andrew B. Petersen, Esq.

Two Leadership Square, Tenth Floor

211 North Robinson

Oklahoma City, Oklahoma 73102

Tina Percival, Secretary–Bailiff