Christopher CANNON, Plaintiff-Appellant,

v.

CITY OF WEST PALM BEACH, and W.H. Krick, in his individual capacity, Defendants-Appellees.

No. 00-12568.

United States Court of Appeals,

Eleventh Circuit.

May 7, 2001.

Appeal from the United States District Court for the Southern District of Florida.(No. 99-08594-CV-WPD), William P. Dimitrouleas, Judge.

Before ANDERSON, Chief Judge, CARNES, Circuit Judge, and NANGLE[*], District Judge.

CARNES, Circuit Judge:

Christopher Cannon appeals a district court order granting judgment on the pleadings in favor of his employer, the City of West Palm Beach, and his supervisor, William Krick. Cannon alleged that his supervisor placed stigmatizing information in his personnel file, and that the presence of that stigmatizing information resulted in his being passed over for a promotion for which he was otherwise qualified. The primary question presented by Cannon's appeal is whether governmental employees can, pursuant to *Buxton v. City of Plant City,* 871 F.2d 1037 (11th Cir.1989), establish that they have been deprived of a liberty interest without due process of law by alleging that their employer stigmatized them in connection with its decision not to promote them.

## I. BACKGROUND

Christopher Cannon has been employed as a firefighter by the City of West Palm Beach since 1985. In 1998, he sought promotion to the position of Fire Suppression Lieutenant, taking a test for the position. Even though Cannon received the highest score of any candidate, the City passed him over and promoted individuals whose scores on the test ranked them second, third and fourth. James Carman, the City's fire chief, told Cannon that one of the reasons he was passed over for the promotion was because of a memorandum that William Krick, the assistant fire chief, had prepared and placed in Cannon's personnel file. The contents of the memorandum included stigmatizing statements about Cannon.

The facts set out in the preceding paragraph were alleged in a complaint Cannon filed against the City

---

[*]Honorable John F. Nangle, U.S. District Judge for the Southern District of Georgia, sitting by designation.

and Krick under 42 U.S.C. § 1983. The complaint also alleged that the stigmatizing memorandum did in fact cause Cannon to be passed over repeatedly for promotion to the Fire Suppression Lieutenant position, and claimed that by placing stigmatizing information in his personnel file without giving him an opportunity for a name-clearing hearing the City violated Cannon's procedural due process rights under the Fourteenth Amendment. The district court granted judgment on the pleadings in favor of the City and Krick.

## II. STANDARD OF REVIEW

We review a judgment on the pleadings *de novo. See e.g., Mergens v. Dreyfoos,* 166 F.3d 1114, 1116-17 (11th Cir.1999). Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Id.* at 1117. We must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.*

## III. DISCUSSION

In order to establish that a deprivation of a public employee's liberty interest has occurred without due process of law, the employee must prove that: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) was made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing. *Buxton v. City of Plant City,* 871 F.2d 1037, 1042-43 (11th Cir.1989). We have publication here, because placing information in a public employee's personnel file, at least where it is open to public inspection as such files are in Florida, is publication. *Id.* at 1045-46. All of the other elements necessary for a stigma-plus cause of action are present, by virtue of the allegations in Cannon's complaint, except one: that the stigmatizing information was placed in Cannon's file during the course of his discharge from employment.[1] Cannon has not alleged that he was discharged, only that he has been repeatedly denied a promotion.

The district court correctly phrased the issue as follows: "The crux of this case concerns whether the 'stigma-plus' test of *Paul v. Davis* ... is met when a plaintiff is denied a promotion based upon [ ] stigma." Or to the same effect, the issue is whether a government employer's denial of a promotion satisfies the "plus" component of the stigma-plus test.

In *Paul v. Davis* the Supreme Court held that defamation by the government, standing alone and

---

[1]The Supreme Court's decisions do not appear to require that the stigmatizing statements must cause or result in termination of employment, only that they occur during the course of the termination. *See Owen v. City of Independence,* 445 U.S. 622, 633 n. 13, 100 S.Ct. 1398, 1406-07 n. 13, 63 L.Ed.2d 673 (1980) (stating that it did not matter that the stigmatizing statements did not "cause" the discharge, so long as they "occurred in the course of the termination of employment.").

apart from any other governmental action, does not constitute a deprivation of liberty or property under the Fourteenth Amendment. 424 U.S. 693, 694, 96 S.Ct. 1155, 1157, 47 L.Ed.2d 405 (1976). The Court established what has come to be known as the "stigma-plus" test. *See Moore v. Otero,* 557 F.2d 435, 437 (5th Cir.1977).[2] Essentially, a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation "plus" the violation of some more tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause. *Paul,* 424 U.S. at 701-02, 96 S.Ct. at 1161; *see also Siegert v. Gilley,* 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.").

The Supreme Court in *Paul* pulled the "plus" part of the test from its prior precedents, focusing especially on *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), an opinion the Court said had been misconstrued by the lower federal courts as having recognized that defamation standing alone could be actionable under the Due Process Clause. *Paul,* 424 U.S. at 707-10, 96 S.Ct. at 1164-65. In *Constantineau,* the Court stated that a due process violation would exist "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him...." *Constantineau,* 400 U.S. at 437, 91 S.Ct. at 510. But the Court in *Paul,* interpreting the phrase "because of what the government is doing," explained:

> We think [that language] referred to the fact that the governmental action taken in that case deprived the individual of a right previously held under state law—the right to purchase or obtain liquor in common with the rest of the citizenry. "Posting," therefore, significantly altered her status as a matter of state law and *it was that alteration of legal status which, combined with the injury resulting from the defamation,* justified the invocation of procedural safeguards.

*Paul,* 424 U.S. at 708-09, 96 S.Ct. at 1164 (emphasis added). The point is that *Paul* read *Constantineau* to require an "alteration of legal status" as the "plus" which must accompany the stigmatized statements in order for the Due Process Clause to apply. *See e.g., Von Stein v. Brescher,* 904 F.2d 572, 582(11th Cir.1990) ("We do not think the law of this Circuit has established that defamation occurring other than in the course of dismissal from a job or in the termination or significant alteration of some other legal right or status will suffice to constitute a deprivation sufficient to state a claim under section 1983."); *Moore,* 557 F.2d at 437 ("To establish a liberty interest sufficient to implicate fourteenth amendment safeguards, the individual must

---

[2] Fifth Circuit decisions prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

be not only stigmatized but also stigmatized in connection with a denial of a right or status previously recognized under state law.").

Cannon relies on *Kamenesh v. City of Miami,* 772 F.Supp. 583 (S.D.Fla.1991), a case in which the district court held that stigma-plus claims do not require that the plaintiff-employee have been terminated. *Id.* at 591. Relying on the *Paul* decision, the court in *Kamenesh* looked to state law to determine whether the plaintiff had some cognizable "right" to continued employment without discretionary demotion, or some cognizable "right" to deserved promotion. *Id.* Finding that some state statutes arguably conferred such a right as to both, the court denied the defendants' motion for summary judgment even though the plaintiff-employee in that case had not been terminated. *Id.* at 590-91.

That, Cannon contends, is precisely what the district court in this case should have done. The court, he says, should have searched applicable state law to ascertain whether the denial of a promotion could have deprived Cannon of some right he had under state law or otherwise significantly altered his status under state law. *See Paul,* 424 U.S. at 708-09, 96 S.Ct. at 1164. The problem with Cannon's argument is that it has been effectively foreclosed by a prior panel precedent of this Court. One of the issues this Court faced in *Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir.1992), was whether defamatory statements made in connection with the transfer of a public employee could suffice to warrant the protections of procedural due process. *Id.* at 1486. We rejected that claim on this basis: "Here, no loss of income or rank occurred, and *absent a discharge or more,* injury to reputation itself is not a protected liberty interest." *Id.* (emphasis added). The *Oladeinde* decision establishes that in this circuit a "discharge or more" is required in order to satisfy the "plus" element of the stigma-plus test. A transfer or a missed promotion is not enough. The prior panel precedent rule, *see Smith v. GTE Corp.,* 236 F.3d 1292, 1300 n. 8 (11th Cir.2001), requires that we follow *Oladeinde,* and hold that the denial of a promotion to Cannon in connection with the stigmatizing injury he suffered when the memorandum was placed in his personnel file is insufficient to establish that the denial of an opportunity for a name-clearing hearing violated his procedural due process rights.[3]

## IV. CONCLUSION

We AFFIRM the district court's grant of judgment on the pleadings in favor of the City and Krick.

---

[3]Because we dispose of the case on this ground we have no occasion to decide whether Cannon's claim is also foreclosed by *McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994), and *Cotton v. Jackson,* 216 F.3d 1328 (11th Cir.2000).