**Terri STRICKLAND, Plaintiff-Appellant,**

**v.**

**Tyler PERRY, Defendant-Appellee.**

**No. 16-11601**

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(January 19, 2017)

Terri Strickland, Pro Se

Tom J. Ferber, Pryor Cashman, LLP, New York, NY, Richard A. Gordon, Richard A. Gordon, P.C., Marietta, GA, for Defendant-Appellee

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Terri Strickland appeals *pro se* an order granting judgment on the pleadings in favor of Tyler Perry and against Strickland's complaint for copyright infringement. *See* 17 U.S.C. § 501. The district court ruled that collateral estoppel barred Strickland's action against Perry. We affirm.

In 2013, Strickland filed a complaint in the Southern District of New York that alleged Tyler Perry Studios, LLC, and Lionsgate Entertainment, Inc., had released a film, *Good Works* (Lionsgate 2012), that copied protected elements of Strickland's copyrighted book, "Bad Apples Can Be Good Fruit" (Infinity Publ'g 2007). The New York court ruled that Perry's movie did not bear a substantial similarity to protectable elements in Strickland's book and entered a judgment on the pleadings in Perry's favor. The court also denied Strickland's motion for relief from the judgment. *See* Fed. R. Civ. P. 60(b).

In 2016, Strickland filed a complaint in the Northern District of Georgia that Tyler Perry had infringed on Strickland's copyright by adapting her book into *Good Works*. Strickland alleged that she had filed an action previously against Tyler Perry Studios and Lionsgate. Perry moved for judgment on the pleadings on the ground that Strickland was collaterally estopped from relitigating the same issue. The district court granted Perry's motion.

We review *de novo* a judgment on the pleadings. *Cannon v. City of W. Palm*

*Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.*

The district court correctly entered judgment in favor of Perry. Collateral estoppel bars a party from relitigating an issue resolved in an earlier action. "To successfully invoke collateral estoppel, a party must demonstrate that: (1) the issue at stake in a pending action is identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *Barger v. City of Cartersville, Ga.,* 348 F.3d 1289, 1293 (11th Cir. 2003). Strickland argues that she was denied a full and fair opportunity to litigate in the New York court due to a conflict with counsel and her health issues, but Strickland fails to explain how counsel's conduct or her illness tainted the earlier proceeding. Because Strickland litigated previously whether Perry's movie infringed on her literary copyright and the issue was decided against her, she is barred from relitigating that issue. Perry, although he was not a party to Strickland's previous action, was entitled to invoke the doctrine of collateral estoppel against Strickland. *See Hart v. Yamaha–Parts Distribs., Inc.,* 787 F.2d 1468, 1473 (11th Cir. 1986).

We **AFFIRM** the judgment in Perry's favor.