[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10058
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-02327-SDM-JSS

DAVID PILVER,

Plaintiff-Appellant,

versus

HILLSBOROUGH COUNTY,
LAW LIBRARY BOARD,
NORMA J. WISE,
in her official capacity,
WILLIAM C. SPRADLIN,
in his official capacity,
HILLSBOROUGH COUNTY HUMAN RESOURCES DEPARTMENT,

Defendants-Appellees,

NORMA J. WISE,
individually, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 3, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

David Pilver appeals *pro se* the summary judgment against his second amended complaint that he was defamed by Hillsboro County without an opportunity to clear his name in violation of the Fifth and Fourteenth Amendments. *See* 42 U.S.C. § 1983. The district court also dismissed Pilver's claims against the Law Library Board, Norma Wise, William Spradlin, and the Hillsboro County Human Resources Department, and the district court declined to exercise supplemental jurisdiction over Pilver's claims about the violation of state laws. But Pilver has abandoned any challenge that he could have made to the dismissal of those claims. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012). We affirm the summary judgment in favor of the County.

We review *de novo* a summary judgment. *McDowell v. Brown*, 392 F.3d 1283, 1288 (11th Cir. 2004). We view the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate "if the movant shows

2

that there is no genuine dispute as to any material fact and . . . is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court did not err by entering summary judgment in favor of the County and against Pilver's complaint of defamation. Pilver failed to allege that the County had an official policy or custom that violated his constitutional rights, as required to state a claim for municipal liability. *See McDowell*, 392 F.3d at 1289. Pilver sought to hold the County responsible for defamatory "allegations [made by Pilver's supervisor and a coworker] . . . in verbal interviews and written reports, and the written reprimand published in [his] personnel file," but as Pilver acknowledges, "[d]efamation, by itself, is . . . not a constitutional deprivation," *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *see Paul v. Davis*, 424 U.S. 693, 701–02 (1976). Pilver alleged that he "accepted a transfer" that provided him a 40-hour instead of a 33-hour workweek, but as the district court stated, Pilver identified no "state or federal law guarantee[ing] [him] the right to work less than full-time but to receive a full-time salary." *See Von Stein v. Brescher*, 904 F.2d 572, 583–84 (11th Cir. 1990) (concluding that "a temporary, partial loss of income as a result of [a supervisor's defamatory] statement" did "not extinguish or significantly alter any right guaranteed to Plaintiff by the United States Constitution or by Florida law"). Pilver also alleged that he was "suspended from work for the rest of the day following [an] interview" and that he received an "official reprimand," but our

precedent is clear that without a "loss of income or rank . . . [or] a discharge or more, injury to reputation itself is not a protected liberty interest," *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1486 (11th Cir. 1992); *see Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1303 (11th Cir. 2001).

The district court also did not err by entering summary judgment in favor of the County and against Pilver's complaint alleging a denial of due process. Pilver argues that he was denied "a pre-deprivation hearing" and an administrative review, but his transfer "in connection with the stigmatizing injury he suffered when the [reprimand] was placed in his personnel file is insufficient to establish that the denial of an opportunity for a name-clearing hearing violated his procedural due process rights," *Cannon*, 250 F.3d at 1303; *see Paul*, 424 U.S. at 711–12. And Pilver's interests in continuing to work at a law library and in maintaining a 33-hour workweek "are not 'fundamental' rights created by the Constitution . . . [that] enjoy substantive due process protection." *See McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994). Even if Pilver's supervisor falsely defamed and reprimanded him to conceal her mismanagement of library funds, "the due process guarantee does not . . . [create a means of] imposing liability [on a municipality] whenever someone cloaked with state authority causes harm," *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). Moreover, the County could not be held liable because Pilver did not allege that his reprimand and transfer were

attributable to a custom or policy of the County. *See Los Angeles Cty. v. Humphries*, 562 U.S. 29, 37 (2010) (Section "1983 liability [exists] where a municipality's *own* violations [are] at issue but not where only the violations of *others* [are] at issue.").

We **AFFIRM** the summary judgment in favor of Hillsborough County.