[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11439
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00257-RWS

AMANDA VISTEIN,

Plaintiff - Appellant,

versus

JOHN CALEB HENSON,
LEE DARRAGH,
WANDA VANCE,
SEAN MCCUSKER,
DAVID TREADWELL,
STEVE CAREY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 27, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Amanda Vistein appeals the district court's grant of a judgment on the pleadings to Sean McCusker, David Treadwell, and Steve Carey in her action against them for malicious prosecution. Vistein brought suit after she was arrested for violating a Georgia statute that makes it unlawful to retain a child out of state in violation of another's custody rights. The district court determined that Vistein's claim failed because the defendants had probable cause to arrest her. After careful review, we affirm.

## I.

According to her complaint, Amanda Vistein and John Henson have a minor child together. After their relationship ended, a Georgia court entered a custody order. The order granted Vistein and Henson joint custody, and specified that Henson would have custody of the child "[e]very weekend from Friday after school or noon until Sunday at 7:00 p.m.," except for the first weekend of every month.

On Thursday April 12, 2012, Vistein took the child to Florida. The next day, when Henson should have taken custody of the child, he went to the Habersham County Sherriff's Office seeking to file charges against Vistein for interference with custody under Georgia law. Vistein had been living in

2

Habersham County.  Henson sought an emergency order for custody of the child, which a Habersham County court granted.

On April 19, Henson went to the Hall County Sheriff's Office seeking to pursue criminal charges against Vistein for interference with custody.  Henson had been living in Hall County.  An arrest warrant was issued in Hall County based on Vistein's alleged interference with Henson's custody rights.  On April 23, Vistein was arrested in Florida.  She remained in jail until May 17.

On October 21, 2016, Vistein filed suit against Henson, District Attorney Lee Darragh, Chief Assistant District Attorney Wanda Vance, and Hall County Sheriff's Office employees Sean McCusker, David Treadwell, and Steve Carey.  In her second amended complaint, Vistein raised claims for malicious prosecution under Georgia and federal law, as well as other violations of her Fourth and Fourteenth Amendment rights.

The district court dismissed some of Vistein's claims and granted judgment on the pleadings to the defendants on other claims.  As relevant to this appeal, the district court granted McCusker, Treadwell, and Carey's motion for judgment on the pleadings relating to Vistein's claim for malicious prosecution.  Specifically, the district court said "probable cause existed for the deputies to seek a warrant," therefore defeating Vistein's claim.  Vistein filed a motion to alter or amend the judgment, which the district court denied.  This appeal followed.

3

II.

We review de novo a district court's grant of judgment on the pleadings. Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Id. "We must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." Id.

III.

On appeal, Vistein challenges only the district court's grant of judgment on the pleadings to McCusker, Treadwell, and Carey on her malicious prosecution claim brought pursuant to 42 U.S.C. § 1983. Specifically, Vistein argues the district court erred in finding the defendants had probable cause to arrest her.

"To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of [her] Fourth Amendment right to be free from unreasonable searches." Grider v. City of Auburn, 618 F.3d 1240, 1256 (11th Cir. 2010) (emphasis omitted). To satisfy the first prong, the plaintiff must show: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Id. (quotation omitted).

4

This appeal focuses on the requirement that the prosecution be made without probable cause.

Probable cause to arrest exists when "law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007) (quotation omitted). "Probable cause requires more than mere suspicion, but does not require convincing proof." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., 956 F.2d 1112, 1120 (11th Cir. 1992).

The defendants had probable cause to believe Vistein had committed a crime. A person commits the crime of interstate inference with custody when she knowingly or recklessly removes a child from the state without lawful authority to do so, or does so "in the lawful exercise of a visitation right" and then intentionally keeps the child in another state after her visitation period ends. O.C.G.A. § 16-5-45(c)(1), (2). According to the warrant issued for Vistein's arrest,[1] Henson told officers that Vistein had taken their child out of state in violation his custody

---

[1] We may consider documents not attached to the complaint "without converting the motion into one for summary judgment only if the attached documents are: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). The arrest warrant was attached to the defendants' answer to Vistein's second amended complaint. Vistein references the arrest warrant repeatedly in her filings. And while she challenges the warrant's legal effect, she does not challenge the authenticity of the document. Because the arrest warrant is central to Vistein's claim that her arrest was unlawful, and because she does not dispute the authenticity of the document, we consider it here.

rights.  And Henson provided the officer the order from the Habersham County court awarding him custody, which Vistein says was issued upon that court's conclusion that she violated the joint custody order.  Vistein admits she took the child to Florida on April 12, and was still in Florida when she was arrested on April 23.  Based on the statements by Henson memorialized in the warrant, and the Habersham County custody order, an officer would have had a reasonable belief that Vistein had committed a crime.  Skop, 485 F.3d at 1137.

Vistein argues that no reasonable officer could have thought she violated O.C.G.A. § 16-5-45(c)(2) because she was the custodial parent, and the statute only addresses non-custodial parents who unlawfully extend their visitation rights. But Vistein provides no authority in support of this reading of the statute.  And she acknowledges that the custody order in fact awarded Vistein and Henson joint custody of the child.  The defendants had reason to believe that Vistein removed the child from the state and interfered with Henson's rights under that custody order.  While there are some ambiguities in the terms used in the statute, we cannot say this left the officers with no probable cause to arrest Vistein.

**AFFIRMED.**

6