[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13707
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00112-HLM


THOMAS WAYNE HOLT,

Plaintiff-Appellant,


versus


FLOYD COUNTY, GEORGIA,
HONORABLE GENE RICHARDSON,
in his official capacity as magistrate judge, and individually,
HONORABLE CRYSTAL BURKHALTER,
in her official capacity as magistrate court and individually,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 9, 2019)

Before MARCUS, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 action, Thomas Wayne Holt appeals the district court's August 17, 2018 order granting the defendants Floyd County, Gene Richardson, and Crystal Burkhalter's motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[1]

Defendants Richardson and Burkhalter are magistrate judges serving on the Magistrate Court of Floyd County, Georgia. Plaintiff Holt's amended complaint alleged violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and the Georgia Constitution. A roofing company creditor obtained a civil default judgment of $3,092.90 against Holt for failing to pay an account due with the company. In this federal case, Holt's claims arose out of the judgment creditor's post-judgment garnishment proceedings in the Floyd County Magistrate Court that sought to collect on the judgment against Holt. During those garnishment proceedings, Holt was held in contempt, arrested, and then detained in the Floyd County jail. The contempt proceedings involved, in part, rulings that Holt had committed perjury in completing certain forms involving his address. Holt's

---

[1] We review de novo a district court's ruling on a Rule 12(c) motion for judgment on the pleadings. Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). In doing so, we accept all allegations in the complaint as true and construe them in the light most favorable to the non-moving party. Id. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Id.

amended complaint alleged that Judges Richardson and Burkhalter, in presiding over the garnishment and contempt proceedings, abused their authority and deprived Holt of his civil rights in various ways in order to force Holt to pay the judgment creditor.  Holt alleged that Judges Richardson and Burkhalter did so with malice and that their actions constituted a Floyd County policy of favoring creditors at the expense of debtors and of operating a "de facto debtor's prison."

In an August 17, 2018 order, the district court dismissed Holt's amended complaint after concluding that: (1) judicial immunity barred Holt's federal and state law claims against Judges Richardson and Burkhalter in their individual capacities; (2) Eleventh Amendment immunity barred Holt's federal claims against Judges Richardson and Burkhalter in their official capacities; (3) sovereign immunity barred Holt's state law claims against Floyd County and against Judges Richardson and Burkhalter in their official capacities; (4) Holt's amended complaint failed to state viable federal claims for injunctive relief against all three defendants because Holt did not seek a permissible form of injunctive relief and also because he had not shown he would suffer irreparable harm; (5) Holt's claims for attorney's fees and costs against Judges Richardson and Burkhalter under 42 U.S.C. § 1988 failed as a matter of law because their actions were not taken in excess of their jurisdiction; (6) Holt's amended complaint failed to state a viable § 1983 municipal liability claim against Floyd County because, as a matter of law,

Judges Richardson and Burkhalter were not final policymakers for Floyd County and because Holt had pled only conclusory allegations of a policy, practice or custom of Floyd County that caused the alleged constitutional violations; and (7) Floyd County was immune from Holt's claim for punitive damages under § 1983.

After careful review of the record and the parties' briefs, we conclude Holt has not shown reversible error, and thus we affirm the district court's August 17, 2018 order granting judgment on the pleadings in favor of the defendants and dismissing Holt's amended complaint.[2]

**AFFIRMED.**

---

[2]We note that, on appeal, Holt has explicitly abandoned his claims for injunctive relief.