[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 18-13535; 19-11185
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-25254-JEM


ANTHONY KING,

Plaintiff - Appellant,

versus

AKIMA GLOBAL SERVICES, LLC,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(June 7, 2019)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Anthony King filed a complaint against Akima Global Services, LLC in

Florida state court alleging various violations of the Florida Civil Rights Act

(FCRA), Fla. Stat. § 760.10(1).  Akima removed the case to federal court based on diversity jurisdiction and filed an answer.  Akima later filed a motion to amend its answer after the deadline to assert the federal enclave doctrine as a defense, which the district court granted.  Near the end of discovery, the district court granted Akima's motion for judgment on the pleadings, concluding that the federal enclave doctrine barred King's FCRA claims.  King now appeals, arguing that the district court erred by allowing Akima to amend its answer and granting Akima's motion for judgment on the pleadings.

## I.  Motion to Amend Answer

### A.  Background

King was employed by Doyan-Akal JV, which provided services at Krome Detention Center under a contract with the federal government.  After Doyan's contract expired, the federal government contracted with Akima to provide services at Krome.  The new contract required all existing employees to apply to, and interview with, Akima.  King was not hired by Akima, which King alleged was due to his race, religion, and national origin.

After the deadline to amend its answer passed, Akima filed a motion for leave to add the federal enclave doctrine as a defense, citing the Southern District of Florida's recent decision in *Booker v. Doyon Security Services, LLC*, CM/ECF for S.D. Fla. Dist. Ct., 1:16-cv-24146-JAL, doc. 40.  *Booker* held that the federal

enclave doctrine barred a different Krome employee from raising state employment claims.  Akima argued that adding the federal enclave defense was appropriate because *Booker* supported its argument, the decision was issued after Akima filed its answer, and King would not be prejudiced because the addition came before the end of discovery and before the dispositive motion deadline.

## B. Discussion

We review the grant of a motion to amend the pleadings after the deadline for abuse of discretion.  *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).  A party may amend a pleading after the scheduling deadline "only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Leave to amend "should be freely given when justice so requires."  *Id.*  The party seeking leave to amend after the scheduling order deadline must show good cause.  *Smith v. School Bd. of Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007).  Because it should be freely given, a district court must generally give a justification if it denies leave to amend.  *Moore*, 989 F.2d at 1131.

Although the district court did not explain its decision to allow the amendment, Akima demonstrated good cause.  *See id.*  Akima sought to raise the federal enclave defense after *Booker* was issued, which held that the federal enclave doctrine barred a Krome employee's FCRA claims.  Although the district court allowed the amendment seven months after *Booker* was issued and the law

firm that represented the defendant in *Booker* was also Akima's counsel, the federal enclave doctrine, if applicable, bars King's claims.  Akima also demonstrated that King would not be prejudiced by the amendment because leave was granted well before the discovery deadline.  The district court thus did not abuse its discretion in granting Akima's motion to amend.

## II.  Motion for Judgment on the Pleadings

### *A.  Background*

King next appeals the district court's decision granting Akima's motion for judgment on the pleadings.  Relying on *Booker*, Akima argued that even accepting the allegations in King's complaint as true, the federal enclave doctrine barred King's FCRA claims.  In *Booker*, the plaintiff was a Krome employee that alleged violations of the FCRA against Doyon Security Services, a security company contracted to provide services at Krome.  *Booker v. Doyon Security Services, LLC*, CM/ECF for S.D. Fla. Dist. Ct., 1:16-cv-24146-JAL, doc. 40 at *5.  Dayon filed a motion to dismiss based on the federal enclave doctrine.  *Id.* at *4.  The court took judicial notice that Krome opened in 1980 and began housing immigration detainees in 1981.  *Id.*  To do so, the court relied on two reports—one prepared by the Department of Homeland Security (DHS) and another by the Office of the Inspector General (OIG).  *Id.*  The court in *Booker* determined that the FCRA had no force or effect at Krome because the FCRA was enacted in 1992, after Krome

4

was ceded to the federal government. *Id.* at \*5. The district court thus dismissed the complaint for failure to state a claim. *Id.*

The district court in this case took judicial notice of the *Booker* opinion, citing it as the basis for granting Akima's motion for judgment on the pleadings. King argues that the district court here erroneously took judicial notice of the *Booker* opinion, the materials cited in *Booker*, and a Miami Herald article to conclude that Krome is a federal enclave.[1]

## B. Discussion

We review a district court's grant of a motion for judgment on the pleadings de novo. *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). We analyze the district court's decision to take judicial notice of certain facts under an abuse of discretion standard. *Lodge v. Kondaur Capital Corp.,* 750 F.3d 1263, 1273 (11th Cir. 2014). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Rule 12 provides that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no material facts in

---

[1] King also argues that Akima's motion for judgment on the pleadings was untimely. We disagree. Akima filed the motion after the pleadings were closed and four months before trial. *See* Fed. R. Civ. P. 12(c).

dispute and the moving party is entitled to judgment as a matter of law. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). All facts alleged in the complaint must be viewed in the light most favorable to the nonmoving party. *Id.* If it is clear from the pleadings that the plaintiff is not entitled to relief under any set of facts consistent with the complaint, the district court should dismiss the complaint. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

The federal enclave doctrine gives Congress the power to "exercise exclusive Legislation . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. Const. art. I, § 8, cl. 17. The federal government thus has the power to acquire land from the states for certain specified uses and to exercise exclusive jurisdiction over those lands, which are known as federal enclaves. *See Paul v. United States*, 371 U.S. 245, 263 (1963). Under this doctrine, state law that is adopted after the creation of the enclave generally does not apply on the enclave. *See id.* at 268. But, in the absence of federal law that displaces state law, those state laws that existed at the time that the enclave was ceded to the federal government remain in full force and effect. *See id.* at 263, 268. The FCRA was enacted in 1992. *See* Fla. Stat. § 760.01(1).

There are two exceptions to the rule that only state law in effect at the time of the acquisition applies to the federal enclave.  First, Congress may authorize the application of state laws enacted after the creation of the enclave.  *See United States v. Sharpnack*, 355 U.S. 286, 294–95 (1958).  Second, the state may reserve jurisdiction at the time of cession.  *See Paul*, 371 U.S. at 264–65.  The jurisdiction exercised by the federal government over federal enclaves is exclusive unless the deed of cession provides otherwise, or the cession is not accepted in the manner required by law.  *Lord v. Local Union No. 2088, Int'l Broth. Of Elec. Workers, AFL-CIO*, 646 F.2d 1057, 1059 (5th Cir. 1981).  When a state does not reserve jurisdiction, federal law—and state law existing at the time of acquisition—exclusively control.  *See Paul*, 371 U.S. at 268.  Under Florida's cession statute, the state grants exclusive jurisdiction over ceded land to the federal government but retains concurrent jurisdiction for civil and criminal process.  *See* Fla. Stat. § 6.04.

A court may take judicial notice of a fact that is not subject to reasonable dispute when either (1) it is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Civ. P. 201(b).  A statement of fact appearing in a newspaper does not itself establish that the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned." *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991).

The district court erred in granting Akima's motion for judgment on the pleadings. Although judicial notice of certain facts in the DHS report, OIG report, and Miami-Herald article was appropriate because those facts were beyond dispute, the limited record before the district court could not conclusively establish that Krome was a federal enclave. First, in *Booker* neither party raised, and the court did not consider, whether Florida reserved any jurisdiction over Krome. *See Lord*, 646 F.2d at 1058. Second, the sources cited in *Booker* also did not establish whether Florida consented to the cession of the Krome land to the federal government, or even if Florida did consent, whether the state retained any jurisdiction over the land at the time of cession. Even though Florida's cession statute provides that the state retains concurrent jurisdiction for civil and criminal process when land is ceded to the federal government, a court must look to the deed of cession to determine if the terms of the statute apply or whether an exception was made. *See id.* Third, the parties disputed many material facts, including the circumstances under which Florida ceded Krome to the federal government and whether Florida retained jurisdiction over employment matters. King is entitled to discovery on those issues, making judgment on the pleadings inappropriate at this juncture. *See Scott*, 405 F.3d at 1253. Without conclusive

8

evidence on the application of the federal enclave doctrine and its exceptions to the Krome property, the district court could not determine that Akima was entitled to judgment on the pleadings as a matter of law.

### III.  Conclusion

We therefore affirm the district court's decision to allow Akima to amend its answer to add the federal enclave defense.  But we vacate and remand the district court's decision granting Akima's motion for judgment on the pleadings. Consistent with the parties' stipulation, because we remand, we also vacate the cost judgment against King in the consolidated appeal.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**