[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11675

Non-Argument Calendar

_____

CAPITOL SPECIALTY INSURANCE CORP.,
a foreign corporation,

Plaintiff-Appellee,

*versus*

WEST VIEW APARTMENTS, INC.,
a Florida corporation,

Defendant-Appellant,

JISELL RAMIREZ ESPINOSA,
as Personal Representative of the Estate of

2                Opinion of the Court                21-11675

Manuel Ramirez Crespo, et al.,

                                                    Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-22476-MGC

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

West View Apartments, Inc. appeals a judgment on the pleadings granted to Capitol Specialty Insurance Corp. Capitol sued West View for a declaratory judgment that West View's insurance policy with Capitol excluded injuries caused by West View's employees pouring acid down a ventilation shaft and, therefore, Capitol has no duty to defend West View in a Florida state court action brought against West View by injured inhabitants of the apartment. On appeal, West View argues that judgment on the pleadings was improper because (1) West View denied material facts alleged in the complaint, and (2) the "pollution exclusion" that Capitol alleges was part of West View's insurance policy did not, by its plain terms, encompass the accidental pouring of acid. Because the district court applied the wrong standard for deciding a

21-11675                Opinion of the Court                3

motion for judgment on the pleadings, we reverse without reaching the merits.[1]

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the *non-moving party's pleading*, and we view those facts in the light most favorable *to the non-moving party*." *Id.* (emphasis added) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)).

Here, the district court stated the legal standard as follows: "When determining whether judgment on the pleadings is appropriate, '[a]ll facts alleged *in the complaint* must be accepted as true and viewed in the light most favorable to the nonmoving party.'" Doc. 43 at 2 (emphasis added) (quoting *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008)). In other words, the court took all the facts alleged in the complaint—the *moving*

---

[1] "We review *de novo* an order granting judgment on the pleadings." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

4                    Opinion of the Court                    21-11675

party's pleading—as true and decided the merits of the case given those facts. This was reversible error.[2]

It's true that a number of our cases state that when deciding a motion for judgment on the pleadings, courts "must accept the facts alleged in the complaint as true." *Cannon*, 250 F.3d at 1301; *see also Douglas Asphalt*, 541 F.3d at 1273; *Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d 962, 965 (11th Cir. 2014). But, crucially, we made these statements in the context of cases where—as is typical—the *defendant* moved for judgment on the pleadings. *See Cannon*, 250 F.3d at 1301 (noting that the district court granted the defendants' motion for judgment on the pleadings); *Douglas Asphalt*, 541 F.3d at 1272 (noting that the defendants moved for judgment on the pleadings); *Interline Brands*, 749 F.3d at 965 (same). When the defendant moves for judgment on the pleadings, the complaint *is* the "non-moving party's pleading," *Perez*, 774 F.3d at 1335, and so we "must accept the facts alleged in the complaint as true," *Cannon*, 250 F.3d at 1301. By contrast, when the *plaintiff* moves for judgment on the pleadings—as happened here—"the old rule obtains that the fact allegations of *the answer* are to be taken as true, but those of the complaint are taken

---

[2] The district court properly cited the standard that a motion for judgment on the pleadings will be granted when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." But the court's recitation of this standard came only came after its erroneous statement that it was required to take all the facts alleged in the complaint as true. And the court's order reveals no analysis of whether material facts were in dispute at this stage of the litigation.

as true *only where and to the extent that they do not conflict with those of the answer.*" *Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir. 1949) (emphasis added). Therefore, by accepting all facts alleged in Capitol's complaint as true rather than all the facts alleged in West View's answer, the district court erred as a matter of law.

This error wasn't harmless because West View denied material facts in its answer—chiefly, that West View's insurance policy with Capitol really included the "Total Pollution Exclusion Endorsement" that Capitol alleges was part of that policy. West View also alleged, as part of its affirmative defense of estoppel, that Capitol "impart[ed] the impression that the general liability coverage of the insurance was not limited by a material carve-out" of the pollution coverage. It's true that Capitol included as an exhibit to its complaint a copy of what it claims is West View's insurance policy that contains the pollution exclusion. But even if discovery would eventually reveal Capitol's exhibit to be genuine and West View's responsive allegations to be meritless, the district court was required, when deciding the plaintiff's motion for judgment on the pleadings, to accept West View's allegations as true. *See Bass*, 172 F.2d at 207. Because "comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F.3d at 1335.

**REVERSED.**