[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11580

Non-Argument Calendar

_____

PF SUNSET VIEW, LLC,
individually and on behalf of all others similarly situated
d.b.a. Planet Fitness,
PF RIVERVIEW, LLC,
individually and on behalf of all others similarly situated
d.b.a. Planet Fitness,
PF SKIPPER,
individually and on behalf of all others similarly situated
d.b.a. Planet Fitness,
PF WATER VIEW, LLC,
individually and on behalf of all others similarly situated
d.b.a. Planet Fitness,

Plaintiffs-Appellants,

*versus*

ATLANTIC SPECIALTY INSURANCE COMPANY,
a New York corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81224-AMC

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal involves claims for property loss insurance coverage stemming from gym closures caused by the COVID-19 pandemic. The question is whether (under Florida law) the COVID-19 related business losses suffered by the plaintiffs—the owners and operators of four Planet Fitness franchise locations in Florida—constituted "direct physical loss of or damage to" insured property under a commercial all-risk insurance policy issued by the defendant, Atlantic Specialty Insurance Company. The district court held that it did not and granted judgment on the pleadings to the insurance company. The franchisees appealed.

Our Court recently decided a case involving multiple claims for COVID-19 losses under nearly identical insurance contract provisions, concluding that direct physical loss or damage to property requires a "tangible alteration of the insured properties." *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's of London*, 32 F.4th 1347, 1350 (11th Cir. 2022). Because the losses alleged here did not involve a tangible alteration of the insured properties—the franchisees' gym locations—Atlantic Specialty Insurance was entitled to judgment as a matter of law. Accordingly, after careful review, we affirm.

## I.    Background

The plaintiffs are the franchisees of four Planet Fitness gym locations in Florida. The defendant, Atlantic Specialty Insurance Company, issued separate—but materially identical—commercial property insurance policies to the plaintiffs (collectively, the "Policy").

The Policy states that the insurance company "will pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'Operations' during the 'Period of Restoration,'" but only if the suspension is caused "by *direct physical loss of or damage to*" covered property. Under the Policy, the insurance company "will pay necessary Extra Expense you incur during the 'Period of Restoration' and the Extended Period of Indemnity that you would not have incurred if there had been no *direct physical loss or damage to*" one of the covered properties. Moreover, the insurance company "will pay for the actual loss of

Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to *direct physical loss of or damage to property*, other than at the described premises . . . ."  Thus, for claims based on business interruption, extra expense, or civil authority coverage, the franchisees need to show "direct physical loss of or damage to property."

In response to the COVID-19 pandemic, Florida state and county officials signed orders effectively shuttering gyms for months beginning in late March 2020.  The franchisees filed claims with Atlantic Specialty Insurance for business income losses and extra expenses incurred because of the closure orders.  The insurance company denied their claims.

The franchisees then filed a putative class action complaint in Florida state court alleging that the insurance company unlawfully denied coverage because

> [t]he presence of COVID-19 caused direct physical loss of and/or damage to the covered premises . . . by, among other things, damaging the properties, denying access to the properties, preventing customers from physically occupying the properties, causing the properties to be physically uninhabitable by customers, causing their functions to be nearly eliminated or destroyed, and/or causing a suspension of business operations on the premises.

The insurance company removed the case to federal district court and moved for judgment on the pleadings. Because COVID-19 closures did not cause a "distinct, demonstrable, physical alteration of the property," the insurance company argued, the closures did not result in a "direct physical loss" covered by the policy. The franchisees responded that Florida law does not interpret "physical loss" of property so narrowly and that the phrase includes more than losses caused by actual harm to the structure of the covered property. The district court agreed with the insurance company and granted its motion for judgment on the pleadings. The franchisees timely appealed.

## II.    Standard of Review

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Id.*

## III.    Discussion

For any of the plaintiffs' insurance claims to be viable, they had to stem from "direct physical loss of or damage to" covered property. The dispositive question, therefore, is whether losses

6                    Opinion of the Court                    21-11580

from the suspension of business operations and increased cleaning and sanitation costs constitute "direct physical loss of or damage to" property under Florida law. The franchisees say that requiring a direct, physical alteration of the property departs from the plain meaning and context of that phrase. Their arguments are a non-starter—binding precedent mandates the franchisees show a "tangible alteration to the insured propert[y]" and that losses stemming from suspension of operations and extra expenses incurred in response to COVID-19 closure orders do not count. *SA Palm Beach*, 32 F.4th at 1350.

Our recent decision in *SA Palm Beach* resolves this appeal. In that case, we addressed whether, under Florida law, "direct physical loss of or damage to" property included losses stemming from the suspension of business operations and extra costs incurred because of COVID-19. *Id.* Facing a dearth of Florida Supreme Court decisions on the meaning of "direct physical loss of or damage to" property in the COVID-19 closure context, we predicted the Florida Supreme Court would adopt the majority position that "physical loss of or damage to" requires some "tangible alteration of the insured properties." *Id.* We held that "[t]here is . . . no coverage for loss of use based on intangible and incorporeal harm to the property due to COVID-19 and the closure orders that were issued by state and local authorities even though the property was rendered temporarily unsuitable for its intended use." *Id.* at 1358. We also noted that the "need to clean or

21-11580                Opinion of the Court                7

disinfect" property to "get rid of COVID-19 does not constitute direct physical loss or damage under Florida law." *Id.* at 1362.

The losses alleged by the plaintiffs here are functionally the same as those alleged by the plaintiffs in *SA Palm Beach*—losses from the suspension of business operations under COVID-19 closure orders and extra cleaning and sanitation costs. But as discussed above, we previously held that such losses are not "physical loss of or damage to" insured property under Florida law. We are bound by our prior decision. *See EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 845 F.3d 1099, 1105 (11th Cir. 2017) ("[W]hen we have issued a precedential decision interpreting . . . state law, our prior precedent rule requires that we follow that decision . . . ."). Accordingly, the insurance company properly denied the plaintiff's claims, and the district court did not err in holding it was entitled to judgment as a matter of law.[1]

---

[1] We note that within one week of our decision in *SA Palm Beach*, Florida's Third District Court of Appeal rendered a similar interpretation of the phrase "direct physical loss of or damage to property": losses stemming from suspension of business operations during the pandemic did not fall under the policy provision because they did not "carr[y] a tangible aspect" or cause some "actual alteration to the insured property." *Commodore, Inc. v. Certain Underwriters at Lloyd's London*, 2022 WL 1481776, at *4 (Fla. 3d Dist. Ct. App. May 11, 2022). Because this intervening state appellate court decision supports our interpretation of Florida law in *SA Palm Beach*, we are still bound by our prior decision. *See EmbroidMe.com, Inc.*, 845 F.3d at 1105 (noting that we follow our prior decisions interpreting state law "absent a later decision by the state appellate court *casting doubt* on our interpretation of that law" (emphasis added)).

8                     Opinion of the Court                21-11580

AFFIRMED.