[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-13034

Non-Argument Calendar

————————————————

ANNA ROZOV,
MARCELO FABRA MARTINO,

Plaintiffs-Appellants,

*versus*

BANK OF AMERICA, N.A.,
EARLY WARNING SERVICES LLC,
CHEX SYSTEMS, INC.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-61780-WPD

_____

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Plaintiffs bring Fair Credit Reporting Act ("FCRA") claims under 15 U.S.C. §§ 1681i and 1681e(b) against a credit reporting agency for failing to correct allegedly inaccurate information in Plaintiffs' consumer report. The district court dismissed Plaintiffs' claims on two independent grounds: (1) the consumer report contained no inaccurate or misleading information and (2) any allegedly inaccurate or misleading information was not objectively and readily verifiable by the credit reporting agency. After careful review, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs Marcelo Fabra Martino and Anna Rozov held a joint checking account with Bank of America. Rozov also held three other accounts there. After discovering that a fraudulent check was deposited into Plaintiffs' joint checking account, Bank of America closed all four of Plaintiffs' accounts. It then reported the

---

[1] Consistent with the standard of review for judgment on the pleadings, "we accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

fraud to two credit reporting agencies, Early Warning Services LLC and Chex Systems, Inc.

Plaintiffs allege that they were actually victims of the fraud uncovered by Bank of America. According to Plaintiffs, Martino was approached via email by an individual named "Per Ericson," who offered him a job at his company called KLX Aero. As part of its intake process, the company overnighted to Martino a check for $21,900 to purchase supplies and begin training. Martino deposited the check in Plaintiffs' joint checking account and was told that the funds would be available in a few business days.

The day after Martino deposited the check, Ericson called Martino and requested that Martino wire $9,000 to a certified equipment vendor for KLX Aero. Suspicions unaroused, Martino agreed. He then called Bank of America to execute the wire, but Bank of America alerted him of the wire limit for such transactions. This made Martino apprehensive, and he decided to hold off until the deposited check cleared. He relayed this delay to Ericson, who pushed Martino to rush the wire and offered to provide Martino with documentation confirming that KLX Aero was legitimate.

Suspecting that he was being played, Martino went back to Bank of America and asked them to cancel the deposited check and to open an investigation into possible fraud. Martino also reported the fraud to the FBI Internet Crimes Division. Martino attempted to provide his FBI report to Bank of America, but they refused to accept his report.

Ultimately, Bank of America informed Plaintiffs that it had closed their joint checking account as well as Rozov's other accounts. Plaintiffs requested their consumer credit report from Early Warning, which reflected that Plaintiffs' joint checking account was closed for "Checking Account Fraud." The report defined the "Checking Account Fraud" notation as follows: "[t]ransacting or attempting to transact, with an Account in a fraudulent manner, including, but not limited to, the passing of forged, altered, closed account, or stolen checks, or kiting (including drawing on: (a) a counterfeit or insufficient check deposit; (b) an empty ATM deposit envelope; (c) non-negotiable items; and/or willful misrepresentation of the transaction amount)."

Plaintiffs disputed the "Checking Account Fraud" notation with Early Warning and Bank of America, explaining that Martino was actually the victim of the alleged employment scam and had unwittingly deposited the fraudulent check into the joint account. After reviewing Plaintiffs' claims, both Bank of America and Early Warning confirmed the accuracy of their reporting.

Faced with the closure of their Bank of America accounts and unsuccessful in their attempts to open accounts at other banks, Plaintiffs sued Early Warning[2] under the FCRA for violations of 15 U.S.C. §§ 1681i and 1681e(b). Plaintiffs alleged that Early Warning's consumer report contained inaccurate information by

---

[2] Plaintiff also sued Bank of America and Chex Systems, Inc., but stipulated to the dismissal of those counts after "resolv[ing] the claims between them" out of court.

reporting that their joint checking account had been closed for "Checking Account Fraud," and that Early Warning had failed to correct this misinformation even after Plaintiffs provided them with the facts of the employment scam that caused Martino to unknowingly deposit the fraudulent check.

The district court dismissed Plaintiffs' claims on the pleadings, holding that Early Warning's consumer report was neither inaccurate nor misleading. The district court further held in the alternative that even if the consumer report was misleading, Early Warning could not be held liable because the disputed information—whether Martino was a perpetrator or victim of the fraud—was not objectively and readily verifiable by Early Warning. This appeal ensued.

## II.     STANDARD OF REVIEW

We review de novo an order granting judgment on the pleadings. *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014)). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).

## III.     ANALYSIS

Section 1681e(b) of the FCRA requires consumer reporting agencies to "follow reasonable procedures" to ensure "maximum possible accuracy" of the information provided in consumer reports. 15 U.S.C. § 1681e(b). We have explained that a report

achieves "maximum possible accuracy" if it is "factually true and also unlikely to lead to a misunderstanding." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020).

In evaluating whether a report is misleading, "we look to the objectively reasonable interpretation of the report." *Id.* "If a report is so misleading that it is objectively likely to cause the intended user to take adverse action…it is not maximally accurate." *Id.* But "the fact that some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading." *Id.*

In addition to showing that reported information was either inaccurate or misleading, a plaintiff must also establish that the reported information is "objectively and readily verifiable." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024). We have explained that "purely factual or transcription errors" or a "straightforward application of law to facts" constitute "objectively and readily verifiable" information. *Id.* at 1368–69. Conversely, allegedly inaccurate information that "stems from a…dispute without a straightforward answer" does not. *Id.* at 1368.

In sum, to succeed on their §§ 1681e(b) and 1681i[3] claims, Plaintiffs must show that the Early Warning consumer report contained (1) false or misleading information that was (2) objectively

---

[3] U.S.C. § 1681i of the FCRA requires consumer reporting agencies to "conduct a reasonable reinvestigation to determine whether dispute information is inaccurate." *Id.* §1681(a)(1)(A). Martino does not dispute that the above requirements apply equally to his § 1681i claim.

and readily verifiable by Early Warning.  The district court concluded that Plaintiffs failed to satisfy either element of their FCRA claims.  Because Plaintiffs' failure to satisfy either element would be fatal to their FCRA claim, we resolve the matter by affirming the district court on the second element without passing judgment as to the first element.

We do not see how Early Warning, *a consumer reporting agency*, could objectively and readily verify whether Martino intended to defraud Bank of America when he deposited a fraudulent check.  *See Holden*, 98 F.4th at 1368 ("the furnisher of credit information stands in a far better position to make a thorough investigation…than [a consumer reporting agency] does." (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009) (alteration in original))).  And this is especially true where Bank of America itself confirmed the accuracy of its reporting to Early Warning.

Plaintiffs insist that the disputed information is objectively and readily verifiable because there is a "clear delineation" between a "perpetrator of a fraud and a victim of that same fraud."  But they do not explain how Early Warning could have easily made that determination here.  Plaintiffs argue that by providing Early Warning with their FBI victim report and conveying similar information to Bank of America they demonstrated that this determination was objectively and readily verifiable.  We disagree.  Early Warning would still need to confirm the veracity of the allegations Plaintiffs provided to the FBI.  And the same is true for the information

Plaintiffs provided Bank of America; without simply taking Martino at his word, his protestations of innocence do not demonstrate that his innocence is objectively and readily verifiable.

Ultimately, we agree with Early Warning's contention that fraud schemes are often complex and sifting perpetrator from victim is no easy process. While we must take Plaintiffs' version of events as true at the pleadings stage, Early Warning had no such obligation. And confirming Martino's purported innocence was not the type of "straightforward application of law to facts" that Early Warning could objectively and readily verify.[4] *See Holden*, 98 F.4th at 1368.

## IV.    CONCLUSION

For these reasons, we affirm the dismissal of the Plaintiffs' FCRA claims.

**AFFIRMED.**

---

[4] None of the cases Plaintiffs rely on—all of which are non-binding—suggest otherwise. Each concerns factual information easily verifiable via consultation of available records. *See Kanani v. Experian Info. Solutions, Inc.*, 2024 WL 3729484, at *3 (M.D. Fla. Aug. 8, 2024) (whether plaintiffs "owe[d] any debt" was objectively and readily verifiable); *Brutus v. Yes Companies Fred, LLC*, 754 F.Supp.3d 1161, 1164–65 (N.D. Fla. Oct. 16, 2024) (whether "amount reported against Plaintiff as a debt was accurate" was objectively and readily verifiable); *Paulino v. W. Funding II Inc.*, 737 F.Supp.3d 1338, 1347 (S.D. Fla. 2024) (whether plaintiff "execute[d] the Disputed Loan" was objectively and readily verifiable); *Gordon v. Equifax Info. Servs., LLC*, 2024 WL 4251908, at *4 (N.D. Ga. Aug. 2, 2024) (whether Plaintiff "made on-time payments" was objectively and readily verifiable).